# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,                    Criminal No. 13-41 JNE/JJK

                Plaintiff,

v.                                           **REPORT AND RECOMMENDATION**

BUCK OTTO WHITE,

                Defendant.


     Bradley M. Endicott, Esq., Assistant United States Attorney, for the plaintiff, United States of America;

     Gary R. Wolf, Esq., for the defendant, Buck Otto White.


     This matter is before the Court, Magistrate Judge Jeffrey J. Keyes,

U.S. Courthouse, 316 No. Robert St., St. Paul, MN 55101, for Report and

Recommendation to the District Court on Defendant Buck Otto White's Motion to

Suppress[1] [Docket No. 60].  Defendant moves to suppress evidence obtained by

---

[1] A Report and Recommendation was issued on May 13, 2013 (Doc. No. 32) with respect to several search warrants that were executed in the investigation in this matter, including the warrant at issue in this motion.  The Magistrate Judge recommended that the motion to suppress evidence obtained pursuant to those warrants be denied and the recommendation was adopted by Order of the District Court dated June 5, 2013 (Doc. No. 34).  As to the present motion to suppress, the government's sole argument in opposition to the motion is that it should be denied based upon the Court's prior ruling on the same search warrant.  In light of the Superseding Indictment returned on March 3, 2014 (Doc. No. 58), alleging an new charge of possessing ammunition that was seized pursuant to the residence search warrant, the Court finds it prudent to consider the merits of the challenge.

execution of a warrant to search his residence.  The motion is considered on the

documents and without hearing.

Based upon the file and documents contained therein, including an

exhibit submitted for review, the Magistrate Judge makes the following:

**Findings**

On March 5, 2013, Brown County District Court Judge Robert

Docherty issued a warrant to search a particularly identified residence in New

Ulm, Minnesota, along with designated and described outbuildings. (Ex. No. 3.)

The premises to be searched was described as a two-story house that had been

converted into two separate apartments.  The subject location of the warrant

application and search warrant were the main floor and basement areas which

were rented to Buck White and his spouse.  The upper floor of the house was

rented to another tenant and was not included in the search warrant application

or execution.  The search warrant identified the objects of the warrant as a Sharp

37-inch flat screen television; 10 gauge shotgun shells, marked "BBB"; specified

rifle cartridges; and mail or documents containing certain names.  The warrant

was issued on the basis of probable cause evidence cited in the Affidavit of New

Ulm Police Department Investigator Jeffrey Hohensee, including surveillance

information, prior search warrant evidence, and physical evidence obtained in the

investigation.  Officers seized a tackle box with miscellaneous gun supplies, an

ammo box with two birth certificates, .10 gauge shells, Remington ammunition,

gun cleaning supplies, a Canon camera and accessories, a framed hockey

jersey, two Dell laptop computers, an industrial snake, a gas can, drill bits, and a

check numbered 4557.[2]

Based upon the foregoing Findings, the Magistrate Judge makes the

following:

## Conclusions

Evidence seized pursuant to a warrant to search a particularly

identified residence in New Ulm, Minnesota, including described outbuildings,

(Ex. No. 1), was not unlawfully obtained in violation of the constitutional rights of

defendant Buck Otto White.  The residence search warrant was issued on March

5, 2013, and was based upon sufficient probable cause as stated in the affidavit

of New Ulm Police Department Investigator Jeffrey Hohensee and as determined

by Brown County District Court Judge Robert Docherty.  The warrant properly

and sufficiently identified the location of the search and the items to be seized.

The search warrant in this matter was lawfully issued and executed and there is

no requirement for suppression of evidence seized pursuant to the warrant.

Defendant Buck White argues that the search warrant application did

not state sufficient evidence to establish probable cause for issuance of the

warrant and further contends that execution of the warrant cannot be upheld on

---

[2]  The contents of the March 5, 2013, search warrant, warrant application,
were also descibed in the prior Report and Recommendation dated May 13,
2013.

the basis of good faith.  Defendant contends that the warrant application fails to establish a sufficient nexus between the residence and other locations at which incriminating evidence was obtained or observed; and that an officer's mere observation of a flat screen television at the residence does not constitute probable cause to believe that the television was one that had been reported stolen.

As an initial determination, this Court concludes that the defendant's motion to suppress seeks reconsideration of the prior ruling that the March 5, 2013, residence warrant was supported by sufficient evidence to establish probable cause and the warrant was executed in good faith.  The defendant has offered no persuasive argument for reversing that earlier decision.  Defendant argues that an officer's plain sight observation of a flat screen television in the Defendant's residence does not establish a nexus between the residence and criminal activity because the warrant does not describe the television sufficiently to establish a connection with one that had been reported stolen.  In fact, that warrant application makes no specific reference whatsoever to the theft of a flat screen television,[3] except as may be reasonably inferred from the listing of a "Sharp 37-inch flat screen television" as an item to be seized.

---

[3] The warrant application contains substantial discussion of a burglary at the Nevins home and the theft of numerous items, but the television is not mentioned in that discussion.  It is the Defendant, and not the "four corners" warrant review, that advises the Court that a television had been reported stolen from the Nevins residence.

Defendant is correct in asserting that probable cause for the search warrant is not stated in the application by way of reference to the flat screen television.   Nonetheless, a nexus between the residence and criminal activity is established under a totality of circumstances whereby an identified motor vehicle associated with the Defendant and his residence was observed by surveillance cameras at two crime locations, and the Defendant's cell phone was also found at the crime scene.   In addition, the warrant application stated that ammunition as well as firearms had been stolen from the Nevins residence, but certain specific ammunition had not been recovered from the storage locker rented by the Defendant and searched on February 14, 2013. (Doc. 32, at 5.)   The Court concludes that under these circumstances it was reasonable to infer that the stolen ammunition would be found at the Defendant's residence and there was probable cause for the search warrant.

**Good Faith.**   In any event, the court concludes that the good faith exception under *United States v. Leon*, 468 U.S. 897 (1984), applies with respect to execution of residence search warrant.   "[A]bsent allegations that the [issuing judge] was not neutral, 'suppression is appropriate only if the officers were dishonest or reckless in preparing the affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause." *United States v. Formaro*, 152 F.3d 768, 771 n.4 (8th Cir. 1998)(citing *United States v. Fulgham*, 143 F.3d. 399, 401-02 (8th Cir. 1998)(quoting *Leon* 468 U.S. at 926).

There is no claim in this matter that the issuing judge was not neutral, and there has been no request for a hearing or review under *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674 (1978), to consider whether the affidavit contains deliberate or reckless misrepresentations, either by omission or misstatement. *Formaro* at 771. Indeed, the Defendant offers no fact based argument at all to support his contention that the good faith exception to the warrant requirement should not apply in this instance. *See  Herring v. United States*, 555 U.S. 135, 137 (2009) (question of suppression turns on the culpability of the police and the exclusion of evidence to deter wrongful police conduct.)

The court disagrees with the Defendant's position on good faith. While the particularized facts establishing a nexus between the search location and criminal activity are less than overwhelming, there is substantial evidence of the Defendant's connection with specific unlawful activity; the affidavit reasonably establishes the Defendant's connection to the search location; and there is sufficient evidence to establish a connection between the residence and the unlawful activity, *i.e.* a vehicle that was an instrument of illegal activity. With regard to the television observed in plain view at the residence, the specific identification of the television as an item to be seized, along with the statement that a flat screen television had been seen in the residence, without any accompanying explanation of the significance of the television, may be evidence of poor affidavit draftsmanship, but it is not indicative of the absence of good faith.

Based upon the foregoing Findings and Conclusions, the Magistrate Judge makes the following:

## RECOMMENDATION

The Court **hereby recommends** that Defendant Buck Otto White's Motion to Suppress be **denied**  [Docket No. 60].


Dated:   April 2, 2014


_s/Jeffrey J. Keyes_____
Jeffrey J. Keyes
United States Magistrate Judge



Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **April 16, 2014**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within **fourteen days** after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.