UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Buck Otto White,

       Petitioner,                                    Criminal No. 13-0041 (JNE/JJK)
                                                          (Civil No. 16-1170 (JNE))

v.

                                                       ORDER

United States of America,

       Respondent.

      Petitioner Buck Otto White moves the Court pursuant to 28 U.S.C. § 2255 to vacate his sentence in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). *Johnson* held the "residual clause" of 18 U.S.C. § 924(e)(2)(B)(ii), and *only* that clause, to be unconstitutionally vague. 135 S. Ct. at 2563. The "residual clause" is this specific phrase in § 924(e)(2)(B)(ii): "or otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* at 2555-56. The *Johnson* ruling thus only affects sentences that applied § 924(e) where one or more of the three necessary predicate offenses was a "violent felony" solely under the residual clause. *Id.* at 2563. *Johnson* did not "call into question application of the [Armed Career Criminal] Act to the four enumerated offenses [in § 924(e)(2)(B)(ii)], or the remainder of the Act's definition of a violent felony." *Id.* Because White's sentence did not rely on the application of the "residual clause," his Motion is denied.

      White was found guilty on two counts of violating 18 U.S.C. § 922(g)(1) and was sentenced under 18 U.S.C. § 924(e) to two terms of 300 months in prison, to be served concurrently. In reaching the sentence, the Court adopted the presentence investigation report ("PSR"), which included a long list of White's prior convictions. White concedes that his prior record included convictions for: **(i)** Burglary (Adams County, North Dakota, 1994), **(ii)** Burglary

Second Degree (Hennepin County, Minnesota, 1984), **(iii)** Burglary Second Degree (Kanabec County, Minnesota, 1995), **(iv)** Burglary First Degree (Anoka County, Minnesota, 1991), and **(v)** Assault Fourth Degree (Anoka County, Minnesota, 1994); each of these convictions was included in the PSR.  The Government opposes White's Motion.  The Government concedes that one of the five above-listed prior convictions, the 1991 conviction (*see* [iv], *supra*), which the PSR identified as "Attempted First Degree Burglary (Felony)," no longer qualifies as a predicate offense in light of *Johnson*.  Even so, White's record includes three previous convictions (identified as [i], [ii], and [iii], *supra*) that remain qualifying predicate offenses because they are a conviction for "burglary" within the meaning of 18 U.S.C. § 924(e)(2)(B)(ii).  *See Taylor v. United States*, 495 U.S. 575, 599 (1990); *United States v. Sonczalla*, 561 F.3d 842, 846 (8th Cir. 2009); Minn. Stat. § 609.582, subd. 2 (1994); Minn. Stat. § 609.582, subd. 2 (1983); N.D. Cent. Code § 12.1-22-02 (1973).  Those three convictions do not rely on the residual clause, and they alone defeat White's Motion.  In addition, White's 1994 conviction for Assault in the Fourth Degree in violation of Minn. Stat. § 609.2231, subd. 1 (1994) (*see* [v], *supra*), for which he was sentenced to over 12 months of imprisonment for striking a police officer and "inflict[ing] demonstrable bodily harm," appears to be a fourth predicate offense under the elements clause of 18 U.S.C. § 924(e)(2)(B)(i).  Because only three predicate offenses are required, though, the Court does not reach that question.

     Based on the files, records, and proceedings herein, and for the reasons discussed above, IT IS ORDERED THAT:

1. Petitioner Buck Otto White's Pro Se Motion to Vacate Under 28 U.S.C. § 2255 is DENIED.

//

//

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:   June 23, 2016                                               s/ Joan N. Ericksen
                                                                                 JOAN N. ERICKSEN
                                                                                 United States District Judge