# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Buck Otto White,<br><br>    Petitioner,<br><br>v.<br><br>United States of America,<br><br>    Respondent. | Criminal No. 13-0041 (JNE/JJK)<br>(Civil No. 16-1170 (JNE))<br><br>**ORDER** |

  Petitioner Buck Otto White moves for reconsideration of this Court's denial of his motion to vacate under 28 U.S.C. § 2255 and the Court's denial of a certificate of appealability. ECF No. 136. On May 2, 2016, White filed a motion to vacate his sentence under 28 U.S.C. § 2255 based on *Johnson v. U.S.*, 135 S.Ct. 2551 (2015), which held the so-called "residual clause" of the Armed Career Criminal Act ("ACCA") unconstitutional. ECF No. 124. The Court denied White's motion to vacate on June 23, 2016 because some of his prior burglary convictions still fell under the "enumerated-crimes" clause of the ACCA. ECF No. 128. On the same day, in *Mathis v. U.S.*, 136 S. Ct. 2243 (June 23, 2016), the United States Supreme Court further explained the analysis for determining whether a burglary conviction qualifies under the enumerated-crimes clause.

  This Court issued an Order Denying a Certificate of Appealability on July 7, 2016 (ECF No. 130) and White filed a Notice of Appeal on July 11, 2016 (ECF No. 131). The two documents may have crossed paths in the mail. White then filed a Rule 59(e) motion for reconsideration after the case had already been transmitted to the Eighth Circuit. ECF No. 134.

A Rule 59(e) motion to alter or amend a judgment allows the Court to correct "errors of law or fact" within 28 days after the entry of the judgment. *See Innovative Home Health Care, Inc. v P.T.-O.T. Assocs.*, 141 F.3d 1284, 1286 (8th Cir. 1998) (internal quotation omitted). White's 59(e) motion based on *Mathis* is properly brought in such a motion.  In this case, however, because the denial of the certificate of appealability had not yet issued, White had already filed his notice of appeal when he filed his 59(e) motion.  Normally, the filing of a notice of appeal divests the district court of control over the case.  *Liddell v. Bd. of Education*, 73 F.3d 819, 822 (8th Cir. 1996).  In the context of a Rule 60(b) motion (which is similar to a Rule 59(e) motion), a district court may consider the motion "on the merits and deny it even if an appeal is already pending in this court" but, if the district court decides to grant the motion, the plaintiff should ask the appeals court for remand of the case so a proper order can be entered.  *Hunter v. Underwood*, 362 F.3d 468 (8th Cir. 2004).  If White had filed the two documents in the reverse order, the notice of appeal would "lie[] dormant until the trial court dispose[d] of the pending motion." *MIF Realty L.P. v. Rochester Associates*, 92 F.3d 752, 755 (8th Cir. 1996); *Barnes-McNeely v. Arkansas Dept. of Health and Human Serv.*, 2009 WL 1444138 *1 (E.D. Ark. 2009) (denying motion construed as Rule 59(e) or Rule 60(b) motion after filing of appeal to the extent the court had jurisdiction).

Although the denial of the certificate of appealability had not yet been entered when the notice of appeal was filed, it appears that this Court may not have authority to grant relief now that the case is pending before the Eighth Circuit.  The Court notes, however, that it has re-considered the denial of the Certificate of Appealability in light of *Mathis* and concludes that it should be granted.  Therefore, rather than grant the 59(e) motion after the case has been transmitted to the Eighth Circuit, the Court encourages White to request a remand from the

Eighth Circuit so that this Court can properly rule on his Rule 59(e) motion. *See Hunter,* 362 F.3d at 475 (citing *Pioneer Insurance, Co. v. Gelt*, 558 F.2d 1303, 1312 (8th Cir. 1977)).

Based on the files, records, and proceedings herein, and for the reasons stated above, White's Rule 59(e) motion [ECF No. 136] is DENIED without prejudice should he wish to renew it once it is properly before this Court.

IT IS SO ORDERED.

Dated:  September 15, 2016                        s/Joan N. Ericksen
                                                  JOAN N. ERICKSEN
                                                  United States District Judge