UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

v.                                            Criminal No. 13-41 (JNE/JJK)
                                               Civil No. 21-631 (JNE)
                                               ORDER

Buck Otto White,

    Defendant.

Mr. White was resentenced on October 17, 2017. This matter is before the Court on Mr. White's Pro Se Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct his Sentence. ECF No. 208. The government opposes the motion. For the reasons stated below, the Court denies Mr. White's motion without an evidentiary hearing and does not issue a certificate of appealability.

## BACKGROUND

In a second superseding indictment, a federal grand jury charged Mr. White with being a felon in possession of firearms, being a felon in possession of ammunition, possession of stolen firearms, and possession of stolen ammunition. On April 25, 2014, a jury returned a guilty verdict on all four counts. The Court sentenced Mr. White to 300 months' imprisonment.

Pending trial, Mr. White had been released to a treatment facility. Mr. White absconded and remained fugitive for several months. The United States Marshals Service tracked Mr. White's location and attempted to place him in custody with the assistance of other law enforcement agencies. Mr. White fled the scene and led police officers on a

high-speed car chase. Mr. White was charged in Hennepin County with one count of fleeing a police officer and one count of second degree assault for nearly hitting a U.S. Marshal while fleeing ("the assault charge"). In 2015, a jury found Mr. White guilty of fleeing a police officer but acquitted Mr. White of the assault charge.

In 2016, Mr. White moved to vacate his federal sentence under 28 U.S.C. § 2255, alleging he did not qualify for the sentencing mandatory minimum of the Armed Career Criminal Act, 18 U.S.C. § 924(e). The Court denied the motion. On the same day the Court issued its order, the United States Supreme Court issued *Mathis v. United States*, 136 S. Ct. 2243 (2016), in which it further explained the analysis for determining when the Armed Career Criminal Act applied. Mr. White appealed the Court's denial of his § 2255 motion. Mr. White also filed a Rule 59(e) motion for reconsideration based on *Mathis*. The Court denied Mr. White's Rule 59(e) motion because Mr. White's appeal had divested the Court of jurisdiction. The Eighth Circuit subsequently remanded the matter.

The Court appointed Mr. White counsel and after additional briefing, vacated Mr. White's sentence, ordered Probation and Pretrial Services to prepare a Revised Presentence Report ("RPSR"), and set the matter for resentencing.

In its sentencing positioning papers, defense counsel made no objections to the RPSR but emphasized that Mr. White had been acquitted of the assault charge. The government argued for an upward departure based on Mr. White's under-represented criminal history under U.S.S.G. § 4A1.3(a)(1). Alternatively, the government argued for an upward variance based on Mr. White's extensive criminal history, including the

assault charge. Defense counsel then submitted a supplemental sentencing memorandum arguing that Mr. White's criminal history did not warrant an upward departure or variance. Counsel again noted that Mr. White was acquitted of the assault charge and explained that an eyewitness had testified that Mr. White steered his car away from the U.S. Marshal.

At the resentencing hearing, there were no objections to the RPSR and the Court adopted its findings and calculations. The imprisonment guideline range was 120 months to 150 months. Defense counsel made several arguments at the hearing and emphasized that Mr. White was acquitted of the assault charge. Mr. White himself reiterated that he was acquitted of the assault charge.

Ultimately, the Court varied upward and sentenced Mr. White to 210 months' imprisonment. The Court reasoned:

> So just as the guidelines before were too high, the guidelines now aren't really -- they don't really take into account the full criminal history that you have. As the guidelines recommend, you sort of go -- when you've somebody like you who is so way off the -- we start here with criminal-history category I and we go to VI, and that's the end of the book. You would be out here way past the book. Well, I look partly at the number of felonies and then also the nature of the felonies. . . . As people get to be over the age of 35, they don't commit crimes anymore. It's not really true in your case. It just goes back -- it's very sad, you know, the start of your experience in the criminal courts and it just never really quits. Resentencing Tr. 14:22-15:12, ECF No. 171.

Mr. White appealed his new sentence and the Eight Circuit affirmed. *United States v. White*, 744 F. App'x 990 (8th Cir. 2018) (per curiam), *cert. denied*, 140 S. Ct. 2632 (2020). Mr. White now moves to vacate his sentence, alleging four grounds of ineffective assistance of counsel at his resentencing hearing.

3

## DISCUSSION

I. **Ineffective Assistance of Counsel Claims**

A federal prisoner may move to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.[1] Ineffective assistance of counsel claims are properly raised through § 2255 motions. *See Massaro v. United States*, 538 U.S. 500, 509 (2003); *United States v. Ramirez-Hernandez*, 449 F.3d 824, 826-27 (8th Cir. 2006). Yet, a defendant "'faces a heavy burden' to establish ineffective assistance of counsel pursuant to section 2255." *Deroo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000) (quoting *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996)).

To prevail on an ineffective assistance of counsel claim, a defendant must meet a two-part test. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, a defendant must show counsel's performance was deficient. *Id.* "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. When analyzing counsel's performance, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* Counsel's failure to raise a meritless argument cannot constitute ineffective performance. *Thomas v. United States*, 951 F.2d 902, 904 (8th Cir. 1991); *see New v. United States*, 652 F.3d 949, 953 (8th Cir. 2011).

---

[1] Mr. White's current § 2255 motion is not barred by § 2255(h). "[I]f a petitioner successfully challenges a sentence via one section 2255 motion and is resentenced, a later motion challenging the resentencing is not second or successive." *Suggs v. United States*, 705 F.3d 279, 282 (7th Cir. 2013) (internal quotations omitted); *accord Deroo v. United States*, 709 F.3d 1242, 1244 (8th Cir. 2013)).

4

Second, a defendant must show that counsel's deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. Specifically, a defendant must establish a reasonable probability that the result of the proceeding would have differed but for counsel's deficient performance. *Id.* at 694. Courts do not have to evaluate both parts of the *Strickland* test if a defendant fails to establish one. *Deroo*, 223 F.3d at 925.

### a. Ground 1

First, Mr. White complains that defense counsel did not let him see certain sentencing documents earlier. Mr. White did not see the government's sentencing position papers until the night before the resentencing hearing and did not see the RPSR until the resentencing hearing. Mr. White has not established he was prejudiced by counsel's failure to let him see these documents earlier. Mr. White offers no explanation as to how the result of the proceeding would have differed had he seen the government's sentencing position papers or the RPSR at an earlier point. To the extent Mr. White argues counsel should have objected to certain statements in the RPSR, the Court will address that argument in Ground 3.

### b. Ground 2

Second, Mr. White alleges his counsel was ineffective for failing to raise an argument concerning 18 U.S.C. § 3742(g)(2). Under 18 U.S.C. § 3742(g)(2), a sentencing court may not impose a sentence on remand outside of the guideline range, except upon a ground that was included in the original statement of reasons or a ground that the court of appeals held to be permissible. Mr. White's counsel was not ineffective for failing to raise an argument concerning § 3742(g)(2) because § 3742(g)(2) did not apply at Mr.

5

White's resentencing. *See Thomas*, 951 F.2d at 904 (finding counsel was not ineffective in failing to raise a claim that lacks merits). Section 3742(g) applies only when a court is resentencing a defendant upon remand from a direct appeal. 18 U.S.C. § 3742(g); *United States v. Binkholder*, 909 F.3d 215, 218 (8th Cir. 2018). Here, Mr. White appealed his new sentence and the court of appeals affirmed. *White*, 744 F. App'x 990. That fact that the court of appeals remanded Mr. White's first § 2255 motion is irrelevant.

    c.  **Ground 3**

Mr. White next argues that his counsel was ineffective for failing to object to statements in the RPSR concerning the assault charge. Mr. White was not prejudiced by counsel's failure to object to the assault charge statements because the Court was well aware that Mr. White was acquitted of the assault charge. The RPSR stated Mr. White was acquitted; counsel noted Mr. White was acquitted in the sentencing position papers, the supplemental sentencing position papers, and at the resentencing hearing; and Mr. White himself reiterated his acquittal at the resentencing hearing. Additionally, the Court made clear that Mr. White's sentence was due in large part to Mr. White's prior, extensive criminal history. Mr. White has not established a reasonable probability that the result of the resentencing hearing would have differed had counsel objected to the statements in the RPSR.

    d.  **Ground 4**

Finally, Mr. White asserts that he "was never given a constitutional plea. Instead of a constitutional plea of a 'violent crime' [he] was [superseded] and hence forth the ammunition charge, [defense counsel] refused to argue this at re-sentencing." Def.'s

6

Mot. 9, ECF No. 208. To the extent Mr. White is arguing that the second superseding indictment was invalid, he has not established ineffective performance. Mr. White offers no explanation as to how the second superseding indictment was invalid. *See New*, 652 F.3d at 953 (denying an ineffective assistance of counsel claim because the defendant had not identified controlling authority to support his argument).

As to the plea, Mr. White writes that he was willing to accept a ten-year plea agreement, but the government declined to enter such an agreement. Criminal defendants do not have a constitutional right to a plea agreement. *Weatherford v. Bursey*, 429 U.S. 545, 561 (1977); *see also Missouri v. Frye*, 566 U.S. 134, 148 (U.S. 2012). Mr. White's counsel was not ineffective at resentencing for failing to raise the government's refusal to enter a ten-year plea agreement. *See Thomas*, 951 F.2d at 904.

## II. Evidentiary Hearing

A defendant is entitled to an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the [defendant] is entitled to no relief." 28 U.S.C. § 2255(b). No hearing is required where the defendant's claim is "inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Watson v. United States*, 493 F.3d 960, 963 (8th Cir. 2007) (citation omitted); *accord Noe v. United States*, 601 F.3d 784, 792 (8th Cir. 2010). Here, the motion and the files and records of the case conclusively show that Mr. White is not entitled to relief.

### III. Certificate of Appealability

An appeal cannot be taken from a final order denying a § 2255 motion without a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1). The Court cannot grant a COA unless the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects a defendant's claims on the merits, a COA should issue where the defendant shows that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *White v. United States*, 843 F. App'x 833, 834 (8th Cir. 2021). Reasonable jurists would not find the rejection of Mr. White's claims debatable. Therefore, the Court does not grant Mr. White a COA.

## CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Mr. White's Pro Se Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct his Sentence [ECF No. 208] is DENIED.

2. A certificate of appealability is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: June 9, 2021

                                                    s/ Joan N. Ericksen
                                                  JOAN N. ERICKSEN
                                                  United States District Judge